NOT DESIGNATED FOR PUBLICATION

No. 120,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON JAMES WASSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Brandon James Wasson appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Wasson's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State asks us to affirm the district court's judgment.

On October 16, 2017, Wasson pled guilty to two counts of identity theft and two counts of theft. On December 20, 2017, the district court imposed a controlling sentence of 26 months' imprisonment and granted probation for 18 months to be supervised by community corrections.

1

At a hearing on May 7, 2018, Wasson admitted to violating the conditions of his probation by failing to report and failing to pay court costs. The district court extended Wasson's probation for 18 months, ordered him to serve a 3-day jail sanction, and required him to live at the community corrections residential center.

The State later filed a motion to revoke Wasson's probation because he received four disciplinary reports and he was also absent from the residential center without leave. At a hearing on August 24, 2018, Wasson admitted the violations. The district court found that additional sanctions would jeopardize public safety or would not serve Wasson's welfare, so the district court revoked Wasson's probation and ordered him to serve his original sentence. Wasson timely appealed.

On appeal, Wasson claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." But Wasson concedes that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court found that imposing an intermediate sanction would jeopardize public safety and not serve Wasson's welfare, and he does not challenge the sufficiency of this finding on appeal. See K.S.A. 2019 Supp. 22-3716(c)(7)(A). The

district court had given Wasson a second chance at probation after an earlier violation, but he continued to violate the conditions of his probation and left the residential facility without permission. The district court's decision to revoke Wasson's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Wasson has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.

Affirmed.